### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 11-cv-03010-REB-CBS

THOMMEN MEDICAL USA, LLC,

    Plaintiff,

v.

JOSHUA TANNER,

    Defendant.

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on (1) the **Defendant's Motion for Summary Judgment** [#21][1] filed September 28, 2012; and (2) **Plaintiff Thommen Medical's Motion for Approval To Dismiss** [#29] filed January 20, 2013.  The plaintiff filed a response [#22] to the motion for summary judgment, and the defendant filed a reply [#24].  The defendant filed a response [#32] to the motion for approval to dismiss.  I grant the motion for summary judgment, and I deny the motion for approval to dismiss.[2]

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity).

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Id*. at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

#### A.  Motion for Approval To Dismiss

In its motion for approval to dismiss [#29], the plaintiff asserts that the substantive controversy in this case is moot and asks that this case be dismissed.  In his response [#32], the defendant argues that the plaintiff's claims should not be dismissed so readily.  The defendant contends that the plaintiff's claims always have been groundless and frivolous because there never was a factual basis to support the plaintiff's claims.  The defendant asks the court to resolve the plaintiff's claims on the merits by ruling on the defendant's motion for summary judgment.  The defendant asks also that the court resolve his motion for sanctions [#33] once briefing on that motion is complete.  Given the current alternatives, I conclude that resolution of the plaintiff's claims on the merits is preferable to dismissal without addressing the merits.

#### B.  Motion for Summary Judgment

The defendant, Joshua Tanner, is a former employee of the plaintiff, Thommen Medical USA, LLC.  While Mr. Tanner was employed by Thommen, Mr. Tanner and Thommen executed a Non Disclosure, Confidentiality and Non Solicitation Agreement. *Complaint* [#2], Exhibit A.  Some time later, Mr. Tanner terminated his employment with Thommen and began working for a competitor of Thommen.

Thommen alleges that Mr. Tanner "has and continues to compete against plaintiff Thommen, to divert business from plaintiff, to solicit plaintiff's business, divulge confidential information, and to otherwise misappropriate plaintiff's valuable business relationships." *Complaint* [#2], ¶ 11. Thommen asserts four claims, including breach of covenants of confidentiality, breach of contract, tortious interference in business relationship, and a claim under Ohio law for misappropriation of trade secrets.

3

In his motion for summary judgment, Mr. Tanner contends that the material facts are not disputed and that Mr. Tanner is entitled to summary judgment on each of the plaintiff's claims. Mr. Tanner includes evidence in support of his description of the undisputed facts. The parties dispute which state's law should be applied in resolving the plaintiff's claims. Mr. Tanner argues that there is no factual basis for any of the plaintiff's claims no matter which state's law is applied.

In its response to the motion for summary judgment, Thommen says there is no claim for damages. *Response* [#22], p. 1. Thommen notes also that the agreement that is the basis of its complaint had a one year term, which expired on May 11, 2012. *Id.* Thommen contends that its complaint and its claims now are moot because the one year term of the agreement has expired.[3] On this basis, Thommen again requests that its complaint be dismissed as moot. Thommen argues also that it "disputes the operative facts, as so reflected in the affidavit of Mr. David Gentile, president of plaintiff . . . ." *Response* [#22], p. 2. However, the plaintiff does not include with its response a copy of this affidavit. The defendant has come forward with evidence showing there is no genuine issue of material fact in this case. In this circumstance, it is the plaintiff's burden to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. The plaintiff has failed to meet this burden. I note that the defendant attached a copy of Dr. Gentile's affidavit to the defendant's reply [#24]. Dr. Gentile's affidavit does not demonstrate the existence of a genuine issue of material fact.

Viewing the undisputed facts in the record in the light most favorable to the

---

[3] In its complaint, Thommen alleged that the defendant breached the agreement and those breaches caused damages to Thommen. The expiration of the agreement does not moot such a claim for damages. However, Thommen now concedes that it has no claim for damages.

4

plaintiff, no reasonable fact finder could find in favor of the plaintiff on any of its claims. The evidence in the record does not provide arguable support for any of the plaintiff's four claims against the defendant. The defendant is entitled to summary judgment on each of the plaintiff's claims.

### IV. CONCLUSION & ORDERS

This case is ripe for resolution on the merits. As a result, I deny the plaintiff's request to dismiss this case as moot without analysis of the merits. The defendant is entitled to summary judgment based on the showing made in the defendant's motion for summary judgment, the plaintiffs response, and the defendant's reply.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff Thommen Medical's Motion for Approval To Dismiss** [#29] filed January 20, 2013, is **DENIED**;

2. That the **Defendant's Motion for Summary Judgment** [#21] filed September 28, 2012, is **GRANTED**;

3. That **JUDGMENT SHALL ENTER** in favor of the defendant, Joshua Tanner, and against the plaintiff, Thommen Medical USA, LLC, on each of the claims asserted by the plaintiff in its complaint [#2];

4. That the Trial Preparation Conference, currently scheduled for March 8, 2013, as well as the trial, currently scheduled to commence on Monday, March 25, 2013, are **VACATED**;

5. That the defendant is **AWARDED** his costs, to be taxed by the clerk of the court under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

      6.  That the court retains jurisdiction over this matter to resolve the **Defendant's Motion for Sanctions and Request for Hearing** [#33] filed January 30, 2013, once briefing on that motion is complete.

      Dated February 1, 2013, at Denver, Colorado.

                                                           **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge