# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Robert E. Blackburn, Judge

Civil Case No. 11-cv-03010-REB-CBS

THOMMEN MEDICAL USA, LLC,

    Plaintiff,

v.

JOSHUA TANNER,

    Defendant.

# ORDER DENYING MOTION FOR SANCTIONS

**Blackburn, J.**

The matter before me is the **Defendant's Motion for Sanctions and Request for Hearing** [#33][1] filed January 30, 2013. The plaintiff filed a response [#39] and the defendant filed a reply [#42]. To the extent the defendant seeks sanctions under 28 U.S.C. § 1927, I deny the motion without prejudice. Otherwise, I deny the motion.

## I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity).

## II. BACKGROUND

The defendant asks the court to impose sanctions against the counsel for the plaintiff under Ohio law, under the inherent powers of the court, and under 28 U.S.C. § 1927. According to the defendant, the plaintiff filed this case despite the fact that the plaintiff and its counsel did not have an arguable factual basis to assert the claims

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

alleged in the complaint [#2]. At minimum, the defendant asserts, counsel for the plaintiff multiplied these proceedings unreasonably and vexatiously after it became clear that the plaintiff's claim for injunctive relief had become moot and the plaintiff had not produced in discovery any evidence to support its claim for damages. In the plaintiff's view, there is no basis to impose sanctions based on the plaintiff's filing and prosecution of this case.

The defendant, Joshua Tanner, is a former employee of the plaintiff, Thommen Medical USA, LLC. Mr. Tanner resigned his employment with Thommen and began to work for a competitor of Thommen. Mr. Tanner's employment with Thommen was subject to the terms of a non-disclosure, confidentiality, and non-solicitation agreement (Confidentiality Agreement). In its complaint [#2], Thommen alleged that Mr. Tanner "has and continues to compete against plaintiff Thommen, to divert business from plaintiff, to solicit plaintiff's business, divulge confidential information, and to otherwise misappropriate plaintiff's valuable business relationships." *Complaint* [#2], ¶ 11. Thommen asserted four claims, including breach of covenants of confidentiality, breach of contract, tortious interference in business relationship, and a claim under Ohio law for misappropriation of trade secrets.

Initially, Thommen filed its complaint in Ohio state court and Thommen sought a temporary restraining order (TRO) against Mr. Tanner. The Confidentiality Agreement provided for injunctive relief as a remedy for breach of the agreement. The Ohio court indicated that it would enter a TRO, directed the parties to agree to TRO language, and directed Thommen to post a 2,000 dollar bond. The parties were unable to agree to TRO language and Thommen never posted a bond. Thus, a TRO never took effect. Subsequently, Mr. Tanner removed the case to federal court, and the Ohio federal court

later transferred the case to this court. Thommen did not renew its motion for a TRO in federal court. The term of the Confidentiality Agreement expired one year after Mr. Tanner resigned his employment with Thommen. it is undisputed that Thommen had no claim for injunctive relief once the Confidentiality Agreement expired on May 11, 2012. After that date, there was no arguable basis for a continued pursuit of Thommen's claim for injunctive relief.

In discovery, Thommen was asked to substantiate its claims for damages, asserted in counts two, three, and four of its complaint. On January 25, 2012, in its initial disclosures, Thommen said its damages "are not yet ascertained." *Motion for sanctions* [#33], Exhibit E. On March 16, 2012, responding to a request for production of documents related to Thommen's damages, Thommen stated "there are no such documents at this time." *Id.*, Exhibit F, p. 4, ¶ 3; Exhibit G, p. 1, ¶ 3. On the same date, in response to an interrogatory asking Thommen if it sought to recover damages, Thommen said "Damages will be sought based on the extent of customer loss, product sales loss or other damage occurring at or before the date of trial." *Id.*, Exhibit H, p. 4, ¶ 6; Exhibit I, p. 2, ¶ 6. On April 19, 2012, in a Rule 30(b)(6) deposition, Thommen's representative testified that Thommen had not attempted to quantify its damages and had no documents relating to its damages. Thommen never supplemented its disclosures or discovery responses concerning damages. The discovery cut off was October 1, 2012.

Mr. Tanner filed a motion for summary judgment [#21] on September 28, 2012. In the motion, Mr. Tanner noted that Thommen had not produced any evidence to support its claims for damages. In its response [#22], Thommen said "There is no claim for damages." *Response* [#22] filed October 14, 2012, p. 1. Other than this statement,

Thommen never formally withdrew the claims for damages asserted in its complaint. In its response [#22] to the motion for summary judgment, Thommen conceded that its claim for injunctive relief was moot. *Id.* Thommen argued that this case should be dismissed as moot. However, Thommen argued also that if the dispute were not moot "there are disputed over material facts and that defendant is not entitled to judgment as a matter of law." *Id.*, p. 2.

At the January 16, 2013, pretrial conference, the court asked counsel for Thommen if Thommen had any evidence that it had suffered any damages as a result of Mr. Tanner's actions. *Id.*, Exhibit D, 31:23. Counsel responded that Thommen had not been pursuing that avenue of relief and that Thommen's "contention since day one in the state court has been that the case wasn't about damages . . . ." *Id.*, 32:1 - 32:5. The court noted that Thommen's complaint contains several allegations that Thommen suffered damages. *Id.*, 32:6 - 33:2.

On January 20, 2013, Thommen filed a motion for approval to dismiss this case [#29]. In response, Mr. Tanner noted that the case was ripe for adjudication on the merits. Mr. Tanner's motion for summary judgment was fully briefed as of October 25, 2012. Given these circumstances, Mr. Tanner argued, the case should be resolved on the merits rather than dismissed as moot. Concurrent with the filing of his response [#32], Mr. Tanner filed the motion for sanctions presently before the court.

Ultimately, I concluded that the case should be resolved on the merits and I granted Mr. Tanner's motion for summary judgment. In my order [#34] granting the motion for summary judgment, I concluded that Thommen had not produced any evidence to support its claim for damages and there was no basis for Thommen's claims for injunctive relief because the term of the Confidentiality Agreement had

4

expired. *Order* [#34], pp. 4 - 5.

### III. REMOVAL PROCEDURES

Repeatedly, Thommen has argued that this case improperly was removed from Ohio state court to federal court because Mr. Tanner failed to establish the requisite amount in controversy. I disagree.

In its complaint [#2], Thommen seeks damages in an amount not less than 25,000 dollars, temporary, preliminary, and permanent injunctive relief, plus punitive damages in an amount to be determined at trial. *Complaint* [#2], p. 8. Before filing the notice of removal, Mr. Tanner repeatedly requested from Thommen a stipulation that the amount of damages sought by Thommen did not exceed 75,000 dollars. Thommen refused to so stipulate. Given the nature of the claims asserted by Thommen and Thommen's refusal to stipulate that it was not seeking damages in excess of 75,000 dollars, I conclude that Mr. Tanner demonstrated that the complaint presents a combination of facts and theories of recovery that may support claims for damages in excess of 75,000 dollars. In addition, the injunctive relief sought by the plaintiff also is relevant. In determining the amount in controversy, a court may consider either what it would cost a defendant to comply with the requested injunction or the value of the injunction to the plaintiff. ***Justice v. Atchison, Topeka & Santa Fe Ry. Co.***, 927 F.2d 503, 505 (10th Cir. 1991). Here, in the context of the claims asserted by Thommen, the injunction sought by Thommen potentially has significant value which contributes to the amount in controversy in this case.

Thommen contends that Mr. Tanner cannot argue that more than 75,000 dollars was at issue because Mr. Tanner asserted repeatedly that he did not cause any damages to Thommen. Thommen's contention is incorrect. The amount in controversy

is determined by examining the nature of the claims asserted by the plaintiff at the time the suit is filed, and not the nature or validity of the defenses or denials asserted by the defendant. *See, e.g.,Symes v. Harris*, 472 F.3d 754, 759 (10th Cir. 2006) (diversity jurisdiction not destroyed even when "the plaintiff's complaint reveals that a perfect defense might be interposed to reduce the alleged amount in controversy below the jurisdictional amount.").

## IV.  SANCTIONS

Given the circumstances of this case, I find and conclude that sanctions against counsel for Thommen are merited. Among the bases for the imposition of sanctions proposed by Mr. Tanner, I find that sanctions under 28 U.S.C. § 1927 are most appropriate. To the extent Mr. Tanner seeks sanctions under Ohio law or under the inherent power of this court, I deny the motion.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in
> any court of the United States or any Territory thereof who
> so multiplies the proceedings in any case unreasonably and
> vexatiously may be required by the court to satisfy
> personally the excess costs, expenses, and attorneys' fees
> reasonably incurred because of such conduct.

28 U.S.C. § 1927. Under the law of this circuit, "[s]ection 1927 targets conduct that multiplies the proceedings, which, when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting *Niera v. Dairyland Insurance Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)). Thus, even in the absence of subjective bad faith, an attorney who acts with recklessness or indifference to the law may be held accountable under section 1927 for "the costs of his own lack of care." *Braley v.*

6

***Campbell***, 832 F.2d 1504, 1511 (10th Cir. 1987) (en banc) (citation and internal quotation marks omitted).  ***See also Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.***, 430 F.3d 1269, 1278 (10th Cir. 2005).

Although the court should resort to such sanctions "only in instances evidencing a serious . . . disregard for the orderly process of justice," ***Dreiling v. Peugeot Motors of America, Inc.***, 768 F.2d 1159, 1165 (10th Cir. 1985) (citation and internal quotation marks omitted), "[t]he power to assess costs, expenses, and attorney's fees against an attorney personally in the appropriate case is an essential tool to protect both litigants and the ability of the federal courts to decide cases expeditiously and fairly," ***Braley***, 832 F.2d at 1512.  Notably, sanctions under § 1927 cannot be based on the plaintiff's filing of his complaint.  ***Steinert v. Winn Group, Inc***. 440 F.3d 1214,1224-1225 (10th Cir. 2006).

Having reviewed the record, I find and conclude that, while thin, there was some factual basis to support the claims asserted in the complaint when the complaint was filed.  However, as this case developed, it became increasingly apparent that the factual basis for Thommen's claims had not been established by Thommen.  The claims for prospective injunctive relief became baseless when the one year term of the Confidentiality Agreement expired on May 11, 2012.  Thommen did not withdraw its claims for injunctive relief.  Rather, Thommen continued to litigate.  On April 19, 2012, a Thommen representative testified that Thommen had not attempted to quantify its damages and had no documents relating to its damages.  When the discovery cut off arrived on October 1, 2012, Thommen had not produced any evidence to support its claims for damages.  Thommen did not withdraw its claims for damages.  Rather, Thommen continued to litigate.

7

By May 11, 2012, Thommen's counsel was or reasonably should have been aware that there was no basis for Thommen's claims for damages or Thommen's claim for injunctive relief. Pursuit of these claims by Thommen's counsel after May 11, 2012, demonstrates indifferent or reckless disregard of the orderly process of justice and the facts and law on which Thommen's claims purportedly were based. This amounts to an unreasonable and vexatious multiplication of the proceedings in this case. On this basis, I conclude that the Thommen's counsel must be held accountable under § 1927 for "the costs of his own lack of care." ***Braley v. Campbell***, 832 F.2d 1504, 1511 (10th Cir. 1987).

### V. REASONABLENESS OF FEES

Any sanction under § 1927 must be based on the costs caused by counsel's unreasonable and vexatious multiplication of the proceedings. Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. ***Hensley v. Eckerhart***, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." ***Hensley***, 461 U.S. at 433. The United States Court of Appeals for the Tenth Circuit has recognized the lodestar amount as presumptively reasonable. ***Homeward Bound, Inc. v. Hissom Memorial Ctr.***, 963 F.2d 1352, 1355 (10th Cir. 1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. ***Blum v. Stenson***, 465 U.S. 886, 895 (1984). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. ***Jane L. v. Bangerter***, 61 F.3d 1505, 1510 (10th Cir. 1995).

Mr. Tanner submitted with his motion an affidavit [#33-11] of his counsel which

demonstrates generally the amount of attorney fees and costs Mr. Tanner has expended in this case.  However, nothing in the affidavit shows the number of hours expended by counsel for Mr. Tanner on any particular tasks or the hourly rate of counsel.  The affidavit provides no basis to determine if the hours expended or the hourly rate charged are reasonable.  Absent an adequate demonstration of the reasonableness of fees charged, I cannot award attorney fees as a sanction.  Therefore, I deny Mr. Tanner's motion for sanctions under § 1927 without prejudice.

I grant Mr. Tanner a brief time to renew his motion [#33] by filing, if he chooses, an affidavit and any other documents he may choose to file to demonstrate the amount of reasonable attorney fees he incurred after May 11, 2012, because of the unreasonable and vexatious multiplication of these proceedings by counsel for Thommen.  If Mr. Tanner chooses to make such a filing, he must demonstrate adequately the amount of reasonable attorney fees he seeks.  He need not re-state or re-argue the other issues addressed in his motion [#33].  Any response by Thommen and reply by Mr. Tanner shall be marshaled under D.C.COLO.LCivR 7.1.C.

Finally, I note that costs no longer are at issue.  The parties resolved the issue of costs by their stipulation [#35].

## VI.  CONCLUSION & ORDERS

Under 28 U.S.C. § 1927, sanctions in the form of an award of attorney fees against counsel for the plaintiff are proper because of counsel's unreasonable and vexatious multiplication of these proceedings after May 11, 2012.  However, the defendant has not established the amount of reasonable attorney fees he incurred because of the unreasonable and vexatious multiplication of these proceedings after May 11, 2012.  Absent such a showing, there is no valid basis on which to determine an

9

appropriate sanction under § 1927.  Therefore, the motion for sanctions under § 1927 is denied without prejudice.  The defendant shall have until September 16, 2013, to renew his motion [#33] .  To the extent the defendant seeks sanctions under Ohio law and under the inherent power of this court, the defendant's motion [#33] is denied.  Finally, I conclude that defendant is not entitled to an award of additional costs.

**THEREFORE, IT IS ORDERED** as follows:

1.  That to the extent the defendant, Joshua Tanner, seeks sanctions under 28 U.S.C. § 1927, the **Defendant's Motion for Sanctions and Request for Hearing** [#33] filed January 30, 2013, is **DENIED** without prejudice;

2.  That on or before **September 16, 2013**, the defendant **MAY RENEW** his motion for sanctions [#33] under § 1927 by filing documents which demonstrate the amount of reasonable attorney fees he seeks;

3.  That if the defendant chooses to renew his motion for sanctions [#33], he need not re-state or re-argue the other issues addressed in his motion [#33];

4.  That any response by the plaintiff and reply by the defendant shall be marshaled under D.C.COLO.LCivR 7.1C.;

5.  That otherwise, the **Defendant's Motion for Sanctions and Request for Hearing** [#33] filed January 30, 2013, is **DENIED**.

Dated September 9, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge