**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 11-cv-03010-REB-CBS

THOMMEN MEDICAL USA, LLC,

    Plaintiff,

v.

JOSHUA TANNER,

    Defendant.

**ORDER CONCERNING RENEWED MOTION FOR SANCTIONS**

**Blackburn, J.**

This matter is before me on the **Defendant's Renewed Motion for Sanctions** [#50][1] filed September 16, 2013. The plaintiff filed a response[#53], and the defendant filed a reply [#54]. I grant the motion in part and deny it in part.

## I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity).

## II. BACKGROUND

The background of the motion for sanctions is detailed in a previous order [#49] in which I addressed the factual basis for the imposition of sanctions against counsel for the plaintiff under 28 U.S.C. § 1927. To summarize briefly, in its complaint [#2], the plaintiff, Thommen Medical USA, LLC, asserted four claims against the defendant, Joshua Tanner, a quondam employee of Thommen. The claims included breach of

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

covenants of confidentiality, breach of contract, tortious interference in business relationship, and a claim under Ohio law for misappropriation of trade secrets. The plaintiff asserted claims for damages and sought injunctive relief based on the terms of a confidentiality agreement between the parties.

In discovery, Thommen was asked to substantiate its claims for damages, asserted in counts two, three, and four of its complaint. By the time of the discovery cut off, October 1, 2012, Thommen had produced nothing in response to this discovery request. In its October 14, 2012, response [#22] to the motion for summary judgment [#21] of the defendant, Thommen said "(t)here is no claim for damages." *Response* [#22], p.1. At the January 16, 2013, pretrial conference, the court asked counsel for Thommen if it had any evidence that it had suffered any damages as a result of the actions of Mr. Tanner. *Motion for sanctions* [#33], Exhibit D, 31:23. Counsel responded that Thommen had not been pursuing that avenue of relief and that Thommen's "contention since day one in the state court has been that the case wasn't about damages . . . ." *Id.*, 32:1 - 32:5. The court noted that Thommen's complaint contains several allegations that Thommen suffered damages. *Id.*, 32:6 - 33:2.

In it's October 14, 2012, response [#22] to the motion for summary judgment [#21] of the defendant, Thommen conceded that its claim for injunctive relief was moot and argued that this case should be dismissed as moot. *Response* [#22], p. 1. However, Thommen argued also that if the dispute were not moot "there are disputes over material facts and that defendant is not entitled to judgment as a matter of law." *Response* [#22], p. 2.

On January 20, 2013, Thommen filed a motion to dismiss this case voluntarily. On January 30, 2013, Mr. Tanner filed his initial motion [#33] for sanctions. On

2

February 1, 2013, I entered an order [#34] denying the motion of Thommen to dismiss voluntarily and, instead, granting the motion for summary judgment of Mr. Tanner. Since February 1, 2013, only the issue of sanctions remains pending.

In my previous order [#49] addressing the propriety of sanctions under 28 U.S.C. § 1927, I concluded ultimately:

> By May 11, 2012, Thommen's counsel was or reasonably should have been aware that there was no basis for Thommen's claims for damages or Thommen's claim for injunctive relief.  Pursuit of these claims by Thommen's counsel after May 11, 2012, demonstrates indifferent or reckless disregard of the orderly process of justice and the facts and law on which Thommen's claims purportedly were based.  This amounts to an unreasonable and vexatious multiplication of the proceedings in this case. On this basis, I conclude that the Thommen's counsel must be held accountable under § 1927 for "the costs of his own lack of care."  **Braley v. Campbell**, 832 F.2d 1504, 1511 (10th Cir. 1987).

In the same order, I granted the defendant an opportunity to file documents demonstrating the amount of reasonable attorney fees he seeks as a sanction. *Order* [#49], p. 10.

The present renewed motion for sanctions [#50] is directed to the issue of reasonable attorney fees incurred by the defendant.  The defendant includes with his motion an affidavit of counsel [#50-1] concerning fees incurred by the defendant since May 11, 2012, and an authenticated exhibit [#50-2] detailing the time entries and billing rates of defense counsel from May 14, 2012, forward.  The defendant seeks an award of sanctions totaling 69,204 dollars.

In response, Thommen contends Mr. Tanner failed to comply with D.C.COLO.LCivR 7.1(a) before filing the renewed motion for sanctions. Exhibit A to the reply of the defendants, which demonstrates an e-mail exchange between counsel, shows this contention to be baseless.  *Reply*, Exhibit A [#54-1].  Given the nature and

context of this motion, an e-mail exchange is adequate to satisfy the requirements of Rule 7.1(a).

Thommen then re-argues the propriety of an award of sanctions under § 1927. In essence, this is a motion to reconsider the previous order [#49] of the court.[2] The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Nothing in the response of Thommen implicates any of these bases.

It is notable, in a negative sense, that Thommen now asserts that there were bases for its claims in this case. This assertion is in stark contrast to the concessions of Thommen, on the record in this case, that it was not pursuing a claim for damages, that since day one, the contention of Thommen was that this case is not about damages, and its assertion that the claim for injunctive relief was moot. For example, Thommen asserts in its response, "(l)et there be no doubt that damages could have been sought." *Response* [#53], p. 7, n. 5. In theory, that statement may be true. In practice, Thommen never substantiated its claims for damages, not in discovery and not anywhere in the record of this case, yet it never sought voluntarily to dismiss its claims for damages until January 20, 2013. In its response to the present motion, Thommen contends it's claim for injunctive relief remained viable, even after Thommen stated on

---

[2] Procedurally, under D.C.COLO.LCivR 7.1(d), it is improper to include a motion in a response.

4

the record that it's claim for injunctive relief was moot and sought dismissal on that basis. *Response* [#22], p.  Particularly in this context, these arguments by Thommen are, to say the least, unpersuasive.

### III. REASONABLE ATTORNEY FEES

Thommen contends also that Mr. Tanner has not submitted admissible evidence to substantiate the fees he seeks and that the amount of fees sought by Mr. Tanner is unreasonable. Counsel for Mr. Tanner has submitted the affidavit [#50-1] of the lawyer who performed the bulk of the work for Mr. Tanner on this case and authenticated detailed time records [#50-2] of counsel for Mr. Thommen showing the date work was performed, the attorney who performed the work, the type of work performed, the amount of time spend on discrete tasks, and the hourly rate applicable to that work. This evidence is sufficient to permit the court to resolve the question of reasonable attorney fees.

Any sanction under § 1927 must be based on the costs caused by counsel's unreasonable and vexatious multiplication of the proceedings. As discussed in my previous order [#49], counsel for Thommen began unreasonably and vexatiously to multiply proceedings in this case by May 11, 2012. After that time, defense counsel reasonably was required to prepare for depositions, complete other discovery, prepare a motion for summary judgment, respond to certain filings, and research the issue of sanctions. The time period summarized here is the relevant time period.

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley**, 461 U.S. at 433. The Tenth Circuit Court of Appeals

has recognized the lodestar amount as presumptively reasonable. *Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Thommen does not challenge the reasonableness of the hourly rates charged by counsel for Mr. Tanner, and I conclude that the hourly rates charged by counsel are reasonable. Thommen contends only time spent on the issue of sanctions is relevant to the claim of Mr. Tanner for sanctions. Thommen argues also that all fees incurred after it offered to dismiss this case voluntarily are not relevant to the issue of sanctions. This view is far too narrow because it does not account for the reasonable attorney fees incurred by Mr. Tanner as a result of the lack of care of counsel for Thommen. *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987).

Counsel for Mr. Tanner seeks compensation for a total of 305.40 hours billed after May 11, 2012. Thommen contends that the amount of time spent preparing the motion for summary judgment and reply of Mr. Tanner is unreasonable. Similarly, Thommen contends the amount of time spent on the witness and exhibit list and on travel also are unreasonable. Particularly with regard to the motion for summary judgment [#21], which is eight pages long and relatively simple, I agree. In addition, following Thommen's motion to dismiss voluntarily filed on January 20, 2013, some, but certainly not all, of the remaining litigation of this case is attributable to the ordinary tasks necessary to fully resolve a case and not to the lack of care of counsel for

Thommen.

Given the evidence in the record and the circumstances of this case, I conclude that Mr. Tanner was billed for 100 hours of attorney time at an average rate of 220 dollars per hour as a result of the lack of care of counsel for Thommen. While this is not an absolutely precise measure of the reasonable attorney fees incurred by Mr. Tanner as a result of that lack of care, it is a reasonable estimate of such fees.[3]

## VII.  CONCLUSION & ORDERS

Under 28 U.S.C. § 1927, I impose sanctions in the form of an award of attorney fees against counsel for the plaintiff, Thommen Medical USA, LLC, because of his unreasonable and vexatious multiplication of these proceedings after May 11, 2012. The bases for this conclusion are stated in this order and in my previous order [#49] addressing this issue. This case was filed initially in August of 2011. Despite a legal requirement that it do so, the plaintiff never substantiated any of its claims for damages. In the estimation of the plaintiff, it's claim for injunctive relief became moot on May 11, 2012. The plaintiff did not seek to dismiss this case until January 20, 2013. As a result of the unreasonable and vexatious multiplication of these proceedings by counsel for the plaintiff, the defendant, Joshua Tanner, incurred reasonable attorney fees in the amount of 22,000 dollars.

**THEREFORE, IT IS ORDERED** as follows:

1. That the the **Defendant's Renewed Motion for Sanctions** [#50] filed September 16, 2013, is **GRANTED** in part and **DENIED** in part:

    a. That under 28 U.S.C. § 1927, the defendant, Joshua Tanner, is

---

[3] I have made this estimate resolving any doubt or uncertainty in favor of Thommen.

7

**AWARDED** attorney fees of 22,000 dollars; and

      b. That the motion is **DENIED** to the extent it seeks attorney fees in excess of 22,000 dollars;

2. That this sanction is **IMPOSED** against the attorney for the plaintiff, John E. Breen, who **SHALL BE** solely responsible for payment of the required attorney fees; and

3. That the attorney fees imposed as a sanction **SHALL BE PAID** to the defendant by 5:00 p.m. mountain standard time on Friday, November 14, 2014.

Dated September 12, 2014, at Denver, Colorado.

                                  **BY THE COURT:**

                                  */s/ Robert E. Blackburn*
                                  Robert E. Blackburn
                                  United States District Judge