**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03010-REB-CBS

THOMMEN MEDICAL USA, LLC,

    Plaintiff,

v.

JOSHUA TANNER,

    Defendant.

**ORDER DENYING MOTION TO RECONSIDER**

**Blackburn, J.**

The matter before me is **Plaintiff Thommen Medical USA, LLC's Motion for Reconsideration of order Granting Summary Judgment** [#36][1] filed February 20, 2013. The defendant filed a response [#43]. I deny the motion.

The plaintiff, Thommen Medical USA, LLC, seeks reconsideration of my order [#34] granting the motion for summary judgment of the defendant. Consistently, the plaintiff has argued that this court does not have jurisdiction over this case, which originated in the courts of the state of Ohio. Thommen never filed a motion to remand in this court but did file a motion [#23] seeking an award of statutory costs for improper removal. Now and in the past, Thommen contends and has contended that, at the time the defendant filed his motion for summary judgment [#21] and when

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the court entered its order [#34] granting the motion for summary judgment, there were disputes over material facts such that the defendant was not entitled to judgment as a matter of law.

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

I have reviewed the motion [#36], the response [#43], my order [#34] granting the motion for summary judgment, and my related orders [#49 & 55] addressing the motions for sanctions of the defendants. In its motion to reconsider [#36], the plaintiff largely re-hashes its previous arguments about the jurisdiction of this court and the claimed viability of its claims for damages and injunctive relief. As discussed in my previous orders, Thommen often has taken starkly contradictory positions on the record in this case about the viability or non-viability of its claims. In the end, however, by the time I entered my order [#34] granting the motion for summary judgment, Thommen had produced no evidence substantiating its claims for damages and had stated on the record that its claim for injunctive relief was moot. In its present motion, Thommen does not show (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Thus, I deny the motion to reconsider.

**THEREFORE, IT IS ORDERED** that **Plaintiff Thommen Medical USA, LLC's Motion for Reconsideration of order Granting Summary Judgment** [#36] filed February 20, 2013, is **DENIED**.

Dated March 16, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge